## JANUARY TERM, 1844.

### JOHN WHITE *vs.* THE STATE OF MISSISSIPPI.

An affidavit made before a justice of the peace, for the purpose of procuring a writ of *habeas corpus* from a circuit judge, will be, if false in a material matter, sufficient to uphold a conviction for perjury.

J. W. being in custody, made affidavit, for the purpose of obtaining a writ of *habeas corpus*, " that he was forced into a trial late Saturday night, without giving him an opportunity to produce witnesses,"—held, that this statement in the affidavit, though false, was wholly immaterial, and could not be made the foundation of a conviction for perjury.

A person in custody, is entitled, upon affidavit that he is illegally so detained, of right, to the writ of *habeas corpus*, and whatever else he may swear by way of inducement, though it be false, is not perjury.

This cause comes by writ of error to the Madison circuit court, to this court.

The abstract of Judge Hughes, fully states the fact of the case.

*Robert Hughes*, for plaintiff in error.

John White was indicted in the circuit court for perjury. The indictment charges the perjury in this; that said White, in a petition to the Honorable John H. Rollins, judge, &c., which was sworn to before a justice of the peace, stated that on a trial before James Priestly, of him, said White, for harboring a negro, " that he was forced into a trial late Saturday night, without giving him an opportunity to produce his witnesses," when in truth, and in fact, the said John White not only was not forced into a trial as stated, but that he demanded a trial at the time specified. A motion to quash the indictment was made, which was overruled. A jury was then impannelled, and said White put upon his trial. Before the jury it was proved that said John White was apprehended and brought before James Priestly, Esq. late on Saturday, upon a charge of harboring a negro. When the said White appeared, his counsel, without consultation with him, insisted upon a trial immediately, supposing the State was not ready; but the justice waited for the arrival of the State's wit-

nesses—the counsel for White then left, saying when the testi-
mony was taken, he could return and address the court upon
it—said White seemed bewildered and distressed by the charge,
and appeared to have nothing to do with the course of his coun-
sel. The swearing to the facts in the petition, without produc-
ing the petition, was proved by the justice who is charged to
have administered the oath. Judge Rollins proved that he
would have paid no attention to the allegation of the petition
upon the hearing of the writ of *habeas corpus*, although he did
and would, on the application for the writ. The jury found the
defendant below, guilty. A motion for a new trial was then
made, which was overruled. A motion in arrest of judgment
was also made, which was also overruled, and writ of error to
this court. It is now assigned,

1. That the court erred in refusing to quash the indictment.
2. In refusing the new trial.
3. In refusing to arrest the judgment.

1. 3. The first and third assignment may be well examined
together; for under the two assignments the question arises,
admitting the charge in the indictment to be true, was the plain-
tiff in error, the defendant, guilty of perjury? This question
can only be answered in the negative.

By the Penitentiary Code, H. & H. 711, § 1, perjury is de-
clared to be where " Every person who shall wilfully and cor-
ruptly swear, testify, or affirm falsely, to any material matter,
upon any oath, affirmation, or declaration, legally administered;

" 1. In any matter, cause, or proceeding, depending in any
court of law or equity, or before any officer thereof.

" 2. In any case where an oath or affirmation is required by
law, or is necessary for the prosecution or defence of any per-
sonal right, or for the ends of public justice.

" 3. In any matter or proceeding before any tribunal, or officer
created by the constitution or by law, or where any oath may be
lawfully required by any judicial, executive or administrative
officer."

It is to be observed that, in order that the offence should be
perjury, under the statute, there must be a concurrence of these

things.   1. The oath must be false.    2. The intention wilful.
3. The proceedings judicial, or before some of the officers, or in
some of the proceedings mentioned in the statute.    4. The party
must be lawfully sworn.    5. The assertion absolute ; and, 6.
The falsehood must be material to the matter in question.   See
2 Chitty's Criminal Law, 302.

Do all of these particulars concur in the offence charged in
the indictment?   Two are wanting.   1. The oath was not le-
gally administered ; and, 2. The falsehood was not material to the
matter in question.

1. The oath was administered before a justice of the peace,
upon a petition to be presented to Judge Rollins, upon an appli-
cation for a writ of *habeas corpus.*   The authorities have been
diligently examined for authority to a justice of the peace, for
administering an oath in such a case, and none can be found.
It is admitted that where a matter, either civil or criminal, is
brought before a justice of the peace, and he is authorized to
take jurisdiction, to hear and determine the matter, there, the
justice is authorized to administer all necessary oaths; to wit-
nesses or to parties, in order to arrive at the truth.   It is also
admitted that it was competent for Judge Rollins to have admin-
istered the oath, on the petition for the *habeas corpus*, upon its
presentation to him, upon the ground that the application was
to him, and that he had authority to hear and determine the
case.

But the taking the oath before a justice of the peace, was
extra judicial, and voluntary.   In the case of *Shaffer* v. *Kentzer*,
1 Binney, 542,   Tilghman C. J. says, " False swearing, in a
voluntary affidavit, made before a justice of the peace, before
whom no cause is depending, is not perjury."   Again, in the
same case, Breckenridge J. says, " an oath administered by a jus-
tice who has no jurisdiction, cannot be distinguished from an
oath administered by one not a justice, for the proceeding of
any tribunal, of a civil nature, must be founded upon the plaint
of a party, and when the tribunal proceeds without a plaint,
or entertains a plaint over which it has no cognizance, there is,
in contemplation of law, no proceeding before it; and an oath

taken in such a case is extra judicial." Ib. 544. This reasoning applies to this case. The justice, who administered the oath, had no authority to bring a party before him, upon the plaint set forth in the petition. If he had been brought before him, he would have no jurisdiction, and his proceedings would all have been extra judicial. It has been said that a justice of the peace must be authorized to administer an oath in such a case, because, in like cases, the practice has been to have oaths so administered, as in affidavits, to answer to bills in chancery, and all such cases. The authority for such, is found in the statutes; in all such cases the law, by express enactment, authorizes such affidavits to be so made. The true reason why a justice in any case—except in cases where there is special authority by law—is authorized to administer an oath is, because he has either jurisdiction to hear and determine the matter in dispute between the parties, in which the oath is necessary to be taken, or he is authorized to make some order, or to do some official act, the foundation of which is an affidavit. In either case, without the jurisdiction or authority to act, he would have no power to administer an oath.

2. But the falsehood alledged, as the perjury was not material to the matter in question, by reference to the record, it will be seen that White had been ordered to give bail, which he would or could not then do, and he was committed. He then petitioned the judge of the circuit court for a writ of *habeas corpus;* whether to be discharged out of custody entirely, for want of sufficient evidence, or upon bail, we are not informed, as the petition was not given in evidence; whether it was for one or both, it is immaterial, as, by law, he had a right to be brought before the judge, upon a prayer'for either, and, as might be found right, discharged or admitted to bail. If he had alledged in the petition, that he had been committed for want of bail, and prayed that he might be brought out and bailed, or discharged, as was right, it would have been the duty of the judge, upon the allegation, to issue the writ, and then, upon hearing the testimony, he might be bailed or discharged, for the want of sufficient evidence to put him on trial.

The provisions of the statute are, when the prisoner is brought before the judge, or court, the judge, or court, " shall, without delay, proceed to inquire into the cause of his imprisonment, and shall either discharge him, admit him to bail, or remand him into custody, as the law and evidence shall require." See Revised Code, 222, § 4.

By the first section of the statutes, which the section just referred to is part, probable cause is to be shown, upon which the petition is to be granted; upon the return of the writ, the party imprisoned is to be discharged, bailed or remanded; there is nothing however in the statute which concludes the court, and would prevent it from discharging or bailing, because either one or the other was asked only by the petition. But having the case on the return of the writ before him, the judge would be bound to do either, as the evidence and the law might be. It was then only necessary to aver in the petition, that the party was in jail, having been committed for a bailable offence, and praying a writ of *habeas corpus;* the result then is, that it was not necessary to make the allegation charged as perjury. If that allegation had not been made, the writ would have been granted without, and being granted with it, it must be considered unnecessary and immaterial.

2. A new trial should have been granted, because, as has been shown already, the offence charged and proved, was not perjury. That Judge Rollins testifies, that he regarded the allegation complained of as material, on the application for the writ, can make no difference. We think we have already made it manifest, that, without such allegation, the writ would have been granted.

But we say it was not proven on the trial, that the allegation of White, in his petition—if materially and legally sworn to—was false. He swears that he was forced into a trial late Saturday evening, in the absence of his witnesses. The testimony set out in the bill of exceptions, shows that he was so forced into trial. The allegation of the indictment, is not that he swore that the justice who committed him, forced him on to trial, but that he was forced. Now the proof is, that his counsel, think-

ing to procure some advantage by his course, without consulting with him, insisted upon an immediate trial, and then when it was gone into, left him in the hands of the justice, except by an after defence on the testimony adduced; and the proof is, also, that the defendant, White, was quiescent, much distressed and bewildered by the charge, and there is no evidence that witnesses for him were present. He then was, by the hasty and inconsiderate conduct of his counsel, forced on to trial, as he has alledged, and the charge of perjury is not true. If it were necessary to make such a charge as this, in a petition for a writ of *habeas corpus*, in order to make out probable cause, that probable cause would be as manifest, if the force were alledged to be the result of the misconduct of his counsel, as of the committing court; in either case probable cause would be made out. He swears, generally, that he was forced into trial in the absence of his witnesses. The proof of the conduct of his counsel, and the absence of his witnesses, would be as perfect proof as if the proof had been of the action of the court.

NOTE. In addition to the ground already taken as to the motion to quash, and in arrest of judgment, we would ask to add:

That by the 1st section of the *habeas corpus* law, Rev. Code, 221, it is provided that a writ shall issue upon it being shown, by affidavit or otherwise, that there is probable cause, &c.; now it is contended that affidavit, under this section, if untrue, would not be perjury, because the law does not declare that it shall be so—it would not be perjury at common law, because it was not in a judicial proceeding. See Chitty's Criminal Law, 302.

It was only the foundation of a judicial proceeding. Upon the affidavit was to rest the judicial proceedings to be instituted in consequence of the affidavit. By the section requiring the oath, nor by any other, is a false swearing on such affidavit declared to be, and is, therefore, not perjury. 4 Black. Com. 137, n. 35.

*John D. Freeman*, Attorney General, on the part of the State.

The record in this case shows an indictment and conviction of John White, for the crime of perjury.

The errors assigned are as follows :

" 1. The court erred in refusing to quash the indictment."

The perjury is alledged to have been committed in falsely swearing to a petition for a writ of *habeas corpus,* and the facts falsely sworn to, are recited by the indictment as follows :

" Said petitioner having been forced into a trial late Saturday night, without giving him an opportunity to produce his own witnesses, was thereof convicted by said justice of the peace."

The record discloses the fact that White was arrested on a charge for harboring a slave, and that his counsel demanded an immediate trial in the presence of White, who did not object, but was silent. The justice of the peace waited an hour for a witness on the part of the State, proceeded to trial, and recognized White in the sum of $500. White refused to give bail, and was sent to jail. He then petitioned a judge of the circuit court for a writ of *habeas corpus,* which petition was sworn to before a justice of the peace, and the writ was granted by the circuit judge.

The counsel for the plaintiff in error assumes that the oath, wherein the perjury is charged to have been committed, was not legally administered, because the justice of the peace had no right to administer such an oath. A justice of the peace in this State, is a constitutional officer, and, by our statute, they have all the powers of a justice of the peace in England—their power to administer oaths is co-extensive with their jurisdiction. Our statute on the subject of perjury, includes false swearing before any officer of any court of law or equity. It will scarcely be denied that a justice of the peace is an officer of a court of law. H. & H. p. 711. The *habeas corpus* act requires that the petitioner may show probable cause that he is unlawfully detained in custody, by affidavit or otherwise. No particular officer is required to administer the oath, and the petitioner may therefore make his affidavit before any officer of any court of law or equity. The case of *Shaffer* v. *Kentzer,* 1 Binney, 542, is not in point. There the affidavit was voluntary, here the affidavit is required by law.

Perjury may be assigned on an oath administered by a justice

of the peace, on an investigation submitted to arbitrators. 4 Ind. Cord. 165. 1 Virginia Cases, 130. 3 Carr & Payne, 419. Chitty's Com. Law, 304. H. & H. Dig. p. 711, title 5, § 1, 2.

The question now arises as to the materiality of the facts sworn to in the petition. The writ of *habeas corpus* is a writ of right. (Constitution, art. 1, § 17.) White was in jail for a bailable offence, as the record shows, and he was entitled to a writ of *habeas corpus*, independent of the fact that he was forced into trial without the benefit of his own witnesses.

Examinations before justices of the peace, are purely discretionary as to the time of examination, and it could not influence the circuit judge one way or the other, in granting the writ of *habeas corpus*, whether White was forced into trial or not. It is therefore submitted that facts, falsely sworn to, were not material in the consideration of granting the *habeas corpus*.

This being the main point in the case, I shall offer no remarks on the other assignments of error.

By THE COURT. The affidavit administered by the justice of the peace in this case, as a foundation for obtaining the writ of *habeas corpus*, was within the scope of the powers of a justice of the peace ; and had the matter alledged to have been falsely sworn, been material to the obtainment of the writ of *habeas corpus*, the defendant below might with propriety have been convicted ; we are clear, however, that the oath which it is said is false, was of a matter wholly immaterial to the end contemplated, and not calculated, in any degree, either to forward or retard the application. It is sufficient for one in custody, to make affidavit that he is illegally so detained, and he is entitled, as a matter of right, to the issuance of a writ of *habeas corpus*. Whatever else he may state in his affidavit, by way of inducement, though it be false, cannot be made the foundation of a conviction for perjury.

Let the indictment be quashed and the prisoner discharged.